| | |
|---|---|
| 1 | Robert A. Bailey (# 214688)<br>  rbailey@afrct.com |
| 2 | Kenneth A. Franklin (# 143809)<br>  kfranklin@afrct.com |
| 3 | ANGLIN, FLEWELLING, RASMUSSEN,<br>  CAMPBELL & TRYTTEN LLP |
| 4 | 199 South Los Robles Avenue, Suite 600<br>Pasadena, California 91101-2459 |
| 5 | Telephone:  (626) 535-1900<br>Facsimile:   (626) 577-7764 |
| 6 | |
| 7 | Attorneys for Defendant<br>WELLS FARGO BANK, N.A., successor<br>by merger with Wells Fargo Bank |
| 8 | Southwest, N.A., f/k/a Wachovia Mortgage,<br>FSB (erroneously sued as Wells Fargo Bank |
| 9 | Home Mortgage, Inc.), ("Wells Fargo") |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| DAWN M. WARD, Trustee of the Al-Pheus Ward Trust Dated 4/3/2010,<br><br>             Plaintiff,<br><br>      v.<br><br>WELLS FARGO HOME MORTGAGE, INC., And DOES 1 through XXX, Defendants,<br><br>             Defendants. | CASE NO.:  3:14-CV-00565-NC<br><br>[The Honorable Nathanael Cousins]<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    March 28, 2014<br>Time:    1:00 p.m.<br>Ctrm:    A, 15th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on March 28, 2014, at in Courtroom A of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA, defendants Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB (erroneously sued as Wells Fargo Bank Home Mortgage, Inc.), ("Wells Fargo") will and hereby does move this Court, pursuant to Fed. R. Civ. P. 12(b)(6),(8) and (9) for an order dismissing all claims and causes of action set forth in plaintiff's complaint against Wells Fargo.

Grounds for the motion are as follows:

**1.     First Claim For Relief:  Declaratory Relief**

This claim fails as a matter of law because:  (i) it fails to meet the Rule 8 standard; and (ii) it fails for the reason that it is unnecessary and it is based upon other claims that that fail.

**2.     Second Claim For Relief:  Injunctive Relief**

Plaintiff fails to state a claim for injunctive relief because:  (i) injunctive relief is a remedy and not a claim for relief; (ii) this claim fails for the reasons the other claims fail; and (iii) the claim fails to meet the Rule 8 standard.

**3.     Third Claim For Relief:  Breach Of The Covenant Of Good Faith And Fair Dealing**

Plaintiff fails to state a claim for relief because:  (i)  the claim fails to meet the Rule 8 standards; (ii) plaintiff fails to plead the required elements; and (iii) plaintiff lacks standing.

**4.     Fourth Claim For Relief:  Predatory Lending**

Plaintiff fails to state a claim because:  (i) the claim fails to meet the Rule 8 standard; (ii) the claim is barred by the statute of limitations; and (iii) plaintiff lacks standing.

**5.     Fifth Claim For Relief:  Violation of Applicable Statutes**

Plaintiff fails to state a claim because:  (i) plaintiff fails to plead the required elements; and (ii) plaintiff fails to meet the Rule 8 standard.

**6.     Sixth Claim For Relief:  Intentional Infliction of Emotional Distress**

Plaintiff fails to state a claim because:  (i) plaintiff has failed to allege the elements of the claim; (ii) plaintiff lacks standing; and (iii) plaintiff fails to meet the Rule 8 standard.

**7.     Seventh Claim:  Constructive And Promised Fraud**

Plaintiff fails to state a claim for fraud because:  (i) Wells Fargo did not make a misrepresentation of fact to plaintiff; (ii) this claim is not pled with any specificity required by Rule 8 or Rule 9; plaintiff lacks standing; and (iii) plaintiff fails to plead the other elements of fraud.

**8.     Eighth Claim:  Negligence**

Plaintiff fails to state a claim for negligence because:  (i) plaintiff fails to meet the Rule 8

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  standard; (ii) a conventional lender does not owe a duty of care to its borrowers; and (iii) plaintiff
2  lacks standing.

3      **9.**      **Ninth Claim: Quiet Title**

4      Plaintiff fails to plaintiff fails to state a claim for quiet title because: (i) the claim fails to
5  meet the Rule 8 standard; (ii) plaintiff lacks standing; (iii) the claim is time barred; and (iv)
6  plaintiff failed to tender the debt.

7      This Motion is based on this Notice, the below Memorandum of Points and Authorities,
8  the concurrently-filed Request for Judicial Notice, and all matters that the Court must or may
9  judicially notice, all pleadings and papers on file herein, and upon such other matters or evidence
10 as may be presented at the time of the hearing.

11
12                                                         Respectfully submitted,

13 Dated: February 12, 2014               ANGLIN, FLEWELLING, RASMUSSEN,
                                                          CAMPBELL & TRYTTEN LLP
14

15                                         By:   /s/ Kenneth A. Franklin
                                                 Kenneth A. Franklin
16                                                  kfranklin@afrct.com
                                                 Attorneys for Defendant
17                                                  WELLS FARGO BANK, N.A., successor by
                                                 merger with Wells Fargo Bank Southwest, N.A.,
18                                                  f/k/a Wachovia Mortgage, FSB, f/k/a World
                                                 Savings Bank, FSB ("Wells Fargo")
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**TABLE OF CONTENTS**

Page

1.   INTRODUCTION ...................................................................................................1

2.   SUMMARY OF PLAINTIFF'S COMPLAINT AND JUDICIALLY
     NOTICEABLE DOCUMENTS.................................................................................1

3.   PLAINTIFF'S ENTIRE COMPLAINT FAILS TO SATISFY THE RULE 8
     PLEADING REQUIREMENTS................................................................................2

4.   PLAINTIFF'S FIRST CLAIM FOR DECLARATORY RELIEF FAILS ........................3

5.   PLAINTIFF'S SECOND CLAIM FOR INJUNCTIVE RELIEF FAILS .........................3

6.   PLAINTIFF'S THIRD CLAIM FOR BREACH OF THE COVENANT OF
     GOOD FAITH AND FAIR DEALING FAILS............................................................4

7.   PLAINTIFF'S FOURTH CLAIM FOR PREDATORY LENDING...............................5

8.   PLAINTIFF'S FIFTH CLAIM FOR VIOLATION OF APPLICABLE
     STATUTES FAILS ..................................................................................................6

9.   PLAINTIFF'S SIXTH CLAIM FOR INTENTIONAL INFLICTION OF
     EMOTIONAL DISTRESS FAILS .............................................................................7

10.  PLAINTIFF'S SEVENTH CLAIM FOR CONSTRUCTIVE FRAUD AND
     PROMISSORY FRAUD FAILS ...............................................................................8

11.  PLAINTIFF'S EIGHTH CLAIM FOR NEGLIGENCE FAILS .....................................9

12.  PLAINTIFF'S NINTH CLAIM FOR QUIET TITLE FAILS..........................................9

13.  CONCLUSION......................................................................................................10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*American States Ins. Co. v. Kearns*,
 15 F.3d 142 (9th Cir. 1993) ................................................................................................3

*Ashcroft v. Iqbal*,
 129 U.S. 1937 (2009) ................................................................................................2, 3, 5

*Beach v. Ocwen Federal Bank*,
 523 U.S. 410, 118 S. Ct. 1408 (1998) ..................................................................................6

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ..........................................................................................................2, 7

*Collins v. Power Default Services, Inc.*,
 2010 U.S. Dist. LEXIS 3361, at **4-6 (N.D. Cal. Jan. 24, 2010) ...........................................10

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
 100 F. Supp. 2d 1086 (C.D. Cal. 1999) .................................................................................8

*Guglielmelli v. Wells Fargo Bank, N.A.*,
 2013 U.S. Dist. LEXIS 43063 (C.D. Cal. Mar. 26, 2013) .......................................................6

*In re GlenFed Securities Litig.*,
 42 F.3d 1541 (9th Cir. 1994) ................................................................................................8

*Kozhayev v. America's Wholesale Lender*,
 2010 U.S. Dist. LEXIS 77553 (E.D. Cal. Aug. 2, 2010) ........................................................10

*Malikyar v. Sramek*,
 2008 U.S. Dist. LEXIS 96839 (N.D. Cal. Nov. 12, 2008) .......................................................4

*McGough v. Wells Fargo Bank, N.A.*,
 2012 U.S. Dist. LEXIS 151737 (N.D. Cal. Oct. 22, 2012) ......................................................6

*Meyer v. Ameriquest Mortgage Co.*,
 342 F.3d 899 (9th Cir. 2003) ................................................................................................5

*Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*, *et al.*,
 2013 U.S. Dist. LEXIS 41797, at *10-11 (N.D. Cal. March 5, 2013) ......................................6

*Moore v. Kayport Package Express, Inc.*,
 885 F.2d 531 (9th Cir. 1989) ............................................................................................8, 9

*Neubronner v. Milken*,
 6 F.3d 666 (9th Cir. 1993) ....................................................................................................8

*Pazargad v. Wells Fargo Bank, N.A.*,
  2011 U.S. Dist. LEXIS 94850 (C.D. Cal. Aug. 23, 2011) ........................................................ 3

*Principal Life Insurance Co. v. Robinson*,
  394 F.3d 665 (9th Cir. 2005) .................................................................................................. 3

*Resolution Trust Corp. v. BVS Dev.*,
  42 F.3d 1206 (9th Cir. 1994) .................................................................................................. 9

*Santos v. Countrywide Home Loans*,
  2009 U.S. Dist. LEXIS 103453 (E.D. Cal. Nov. 6, 2009) ....................................................... 3

*Trinity Hotel Inv., LLC v. Sunstone OP Props., LLC*,
  2009 U.S. Dist. LEXIS 13692 (C.D. Cal. Feb. 5, 2009) ......................................................... 4

*U-Haul Int'l, Inc. v. Jartran, Inc.*,
  793 F.2d 1034 (9th Cir. 1986) ................................................................................................ 4

*Wickland Oil Terminals v. Asarco, Inc.*,
  792 F. 2d 887 (9th Cir. 1986) ................................................................................................. 3

*Wool v. Tandem Computers, Inc.*,
  818 F.2d 1433 (9th Cir. 1987) ................................................................................................ 9

**STATE CASES**

*Aguilar v. Bocci*,
  39 Cal. App. 3d 475 (1974) .................................................................................................. 10

*Bogard v. Employers Casualty Co.*,
  164 Cal. App. 3d 602 (1985) .................................................................................................. 7

*Carma Developers, Inc. v. Marathon Development Calif., Inc.*,
  2 Cal. 4th 342 (Cal. 1992) ...................................................................................................... 4

*Cochran v. Cochran*,
  65 Cal. App. 4th 488 (1998) ................................................................................................... 7

*County of Del Norte v. City of Crescent City*,
  71 Cal. App. 4th 965 (1999) ................................................................................................... 3

*Eddy v. Sharp*,
  199 Cal. App. 3d 858 (1988) .................................................................................................. 9

*LiMandri v. Judkins*,
  52 Cal. App. 4th 326 (1997) ................................................................................................... 9

*McElroy v. Chase Manhattan Mortg. Corp.*,
  134 Cal. App. 4th 388 ........................................................................................................... 10

*Nymark v. Heart Fed. Savs. & Loan Ass'n*,
   231 Cal. App. 3d 1089 (1991) ..................................................................................9

*Racine & Laramie, Ltd. v. Dept. of Parks & Rec.*,
   11 Cal. App. 4th 1026 (1992) ...................................................................................4

*Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*,
   49 Cal. App. 4th 472 (1996) .....................................................................................9

*Tollefson v. Roman Catholic Bishop*,
   219 Cal. App. 3d 843 (1990) ....................................................................................7

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal. App. 3d 1324 (1986) ..................................................................................8

*Yu v. Signet Bank*,
   69 Cal. App. 4th 1377 (1999) ...................................................................................7

**FEDERAL STATUTES**

15 U.S.C. §§ 1640(a), (e) ...............................................................................................5

15 U.S.C. § 1641(g) .......................................................................................................5

28 U.S.C. § 2201 ...........................................................................................................3

**STATE STATUTES**

Cal. Civ. Code § 2923.5 ................................................................................................6

Cal. Civ. Code § 2923.5(i) ............................................................................................6

Cal. Civ. Proc. Code § 338 ...........................................................................................8

Cal. Civ. Proc. Code § 761.020 ..................................................................................10

**RULES**

Fed. R. Civ. P. 8 ..................................................................................................... passim

Fed. R. Civ. P. 9(b) ....................................................................................................8, 9

Fed. R. Civ. P. 12(b)(6) .................................................................................................2

Fed. R. Civ. P. 17(a)(1) ............................................................................................4, 5

**CONSTITUTIONAL PROVISIONS**

U.S. Const. art. III .........................................................................................................3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

This action involves a home loan made by Wachovia Mortgage, FSB ("Wachovia") in February of 2008.  The property that secured the loan was transferred into a trust in 2010. **Plaintiff, the successor trustee of the trust, has not made a payment on the loan in over 20 months**.  As a result, Wells Fargo initiated non-judicial foreclosure proceedings.

## 2.   SUMMARY OF PLAINTIFF'S COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

On or about February 27, 2008 Al-Pheus Ward ("Mr. Ward") borrowed $293,000.00 (the "Loan") from Wachovia.  (Request for judicial notice ("RJN"), Exh. A, deed of trust; and Exh. B, note.)  The Loan was memorialized by a promissory note and secured by a deed of trust recorded against 300 Bell Street, East Palo Alto, California (the "Property").  (*Id.*)

Wachovia changed its name to Wells Fargo Bank Southwest, N.A. before merging with Wells Fargo Bank, N.A. in November, 2009.  It is currently known as Wells Fargo Bank, N.A. ("Wells Fargo").  (RJN, Exhs. C, D E and F are certificates issued by the Office of Thrift Supervision and Office of the Comptroller of the Currency that acknowledge the federal savings bank charter, authorize the name changes, and approve the merger; RJN, Exh. G is a printout from the FDIC website showing the history of Wachovia.)

Plaintiff alleges that Mr. Ward transferred the Property into a trust (the "Trust") in 2010. (Compl. ¶ 8)  Mr. Ward passed away in 2012 and plaintiff became the successor of the Trust. (Compl. ¶ 11.)

There is no dispute that Loan is in default.  (RJN, H, notice of default.)  No payment has been made on the Loan since May 2012.  (*Id.*)  A notice of default was recorded on November 1, 2012. (Id.)  The Loan remains in default and a notice of sale was recorded on January 31, 2013. (RJN, Exh. I, notice of sale.)

Plaintiff makes the following vague allegations in support of her claims:

- That Mr. Ward "was under a psychiatric disability and lacked capacity to enter into such a contract, the terms of which were unconscionable and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

usurious." (Compl. ¶ 6.);

- The Loan was the result of "illegal predatory lending practices . . . [and made] with no regard for Mr. Ward's ability to repay the loan . . . ." (Compl. ¶ 7);

- That Wells Fargo "refused to disclose to Dawn M. Ward any information relating to this loan and/or property." (Compl. ¶ 12); and

- That Wells Fargo failed "contact decedent Al-Pheus Ward or plaintiff Dawn M. Ward and provide the required notice pursuant to California Civil Code 2923.5 . . . ." (Compl. ¶ 13.)

### 3.   PLAINTIFF'S ENTIRE COMPLAINT FAILS TO SATISFY THE RULE 8 PLEADING REQUIREMENTS

Rule 8 of the Federal Rules of Civil Procedure requires some meaningful factual information to be alleged for a claim to survive a Rule 12(b)(6) motion. As stated in *Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009):

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation. [citation]. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of cause of action will not do." [citation]. Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

To survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 129 U.S. at 1949. Coupled with the recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), pleading requirements are now sharpened. Taken together, these cases establish that a plaintiff must "allege enough facts to state a claim to relief that is plausible on its face;" in other words, the standard became "plausible," not "conceivable." *Twombly*, 550 U.S. at 557.

The complaint in this case falls well short of this standard. It consists mostly of a generic allegation of "illegal predatory lending" and "failure to communicate" with no specific allegations supporting any claim of wrongdoing by Wells Fargo. The complaint relies almost entirely on improper labels and legal conclusions, which are not entitled to the presumption of

1 truth. *Iqbal* at 1949-50. As such, the complaint does not meet the Rule 8 standards and must be
2 dismissed.

### 4. PLAINTIFF'S FIRST CLAIM FOR DECLARATORY RELIEF FAILS

The Declaratory Judgment Act (DJA) permits a federal court to "declare the rights and other legal relations" of parties to a case of actual controversy. 28 U.S.C. § 2201; *Wickland Oil Terminals v. Asarco, Inc.*, 792 F. 2d 887, 893 (9th Cir. 1986). The "actual controversy" requirement of the DJA is the same as the "case or controversy" requirement of Article III of the United States Constitution. *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1993). Under the DJA, a two-part test is necessary to determine whether a declaratory judgment is appropriate. *Principal Life Insurance Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). First, the court must determine if there exists an actual case or controversy within the court's jurisdiction. *Id*. Second, if so, the court must decide whether to exercise its jurisdiction. *Id*.

There is no actual controversy involving the parties' rights, since all of plaintiff's claims are for accrued wrongs. At best, plaintiff has a claim for past wrongs. Therefore, there is no need for the Court to exercise jurisdiction on a declaratory relief claim. Additionally, plaintiff's claims are adequately addressed in her other claims for relief. For reasons set forth herein, those claims fail.

Moreover, plaintiff's claim fails to meet the Rule 8 standard. She alleges that "defendant failed to comply with statutory requirements" and also seeks a declaration that "defendants engaged in illegal, predatory, and usurious lending practices." (Compl. ¶ 42.) There are no factual allegations adequate to meet the Rule 8 standard to support plaintiff's claims.

### 5. PLAINTIFF'S SECOND CLAIM FOR INJUNCTIVE RELIEF FAILS

Injunctive relief is a remedy, not a cause of action. *County of Del Norte v. City of Crescent City*, 71 Cal. App. 4th 965, 973 (1999); *Pazargad v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 94850, at *6-*7 (C.D. Cal. Aug. 23, 2011) ("[i]njunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."); *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 103453, at *13 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 forms of relief.").

## 6. PLAINTIFF'S THIRD CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING FAILS

The elements of a claim for breach of the covenant of good faith and fair dealing are: (1) the existence of a contract; (2) the plaintiff did all, or substantially all, of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct. *Trinity Hotel Inv., LLC v. Sunstone OP Props., LLC*, 2009 U.S. Dist. LEXIS 13692 (C.D. Cal. Feb. 5, 2009); *Carma Developers, Inc. v. Marathon Development Calif., Inc.*, 2 Cal. 4th 342, 371-375 (Cal. 1992); *Racine & Laramie, Ltd. v. Dept. of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031-32 (1992).

Plaintiff has not alleged a contract with any specificity, but presumably her claim relates to the Loan transaction between Wachovia and Mr. Ward. (RJN, Exh. A.) Plaintiff was not a party to that transaction and has no rights in any contract between Mr. Ward and Wells Fargo. There is no allegation that Mr. Ward assigned any contract rights he may have had to the Trust, or that any contract rights were assignable. As such, plaintiff is not the proper party and lacks standing. Federal Rule of Civil Procedure, Rule 17 (a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." The real party in interest is the person who has the right to sue under the substantive law. *Malikyar v. Sramek*, 2008 U.S. Dist. LEXIS 96839, 7-8 (N.D. Cal. 2008); *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986) (criticized on other grounds).

Moreover, plaintiff fails to allege the elements of a claim for breach of the covenant of good faith and fair dealing. Plaintiff has not alleged that she did all, or substantially all, of the significant things the contract required. The contract required monthly payments and no payments have been made since May 2012. (RJN, Exhs. A, B and G.) Moreover, plaintiff fails to allege how Wells Fargo interfered with her rights (if any) to receive the benefits of the contract.

And, plaintiff's claim fails to meet the Rule 8 standards. It lacks any specificity and

1  merely states "[d]efendant refused to acknowledge communications from plaintiff or any other
2  way act in good faith." (Compl. ¶ 50.) This type of generic claim is inconsistence with the
3  pleading requirements established in *Ashcroft, supra*. Moreover, plaintiff's claim is directly
4  contradicted by the allegations in the complaint detailing her communications with Wells Fargo
5  regarding the Loan. (Compl. ¶¶ 20-33.) Therefore, this claim fails.

### 7.   PLAINTIFF'S FOURTH CLAIM FOR PREDATORY LENDING

The exact nature of plaintiff's claim is unclear. She alleges the loan was "predatory and illegal." (Compl. ¶ 53.) The claim appears to be based upon the "interest rate of 8.5%," that the Loan allegedly contains an "'Option ARM' which results in negative amortization . . . ." and because "decedent Al-Pheus Ward had no means with which to repay such a loan." (Compl. ¶¶ 54 and 55.) Plaintiff's claim fails under Rule 8 since it is vague, uncertain and fails to even identify the law or statute under which the loan was illegal or predatory.

Moreover, plaintiff is not the borrower and has no standing to bring an action for "predatory lending" for a loan made to Mr. Ward in 2008. As set forth in details in Section 6 above, Federal Rule of Civil Procedure, Rule 17 (a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." Here, any claim for predatory lending belongs to Mr. Ward and not the trustee of the Trust that subsequently acquired the Property.

Any Truth in Lending Act ("TILA") claim against Wells Fargo is time-barred. The loan was made in 2008 and any TILA claims are long since barred by the statute of limitations. Damage claims under the TILA, including 15 U.S.C. § 1641(g) must be brought within one year from the occurrence of the violation. 15 U.S.C. §§ 1640(a), (e). The Ninth Circuit has held that a violation of the TILA disclosure requirements occurs and the one-year period commences to run when the loan documents are signed, provided there is no undisclosed credit term or fraudulent concealment that prevented discovery of the claim. *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (a TILA claim was time-barred a mere one year and three months after loan origination, because reasonable diligence would have permitted plaintiff to discover whether TILA had been violated).

Furthermore, any rescission claim must be brought within three years of loan

consummation. The United States Supreme Court held that "section 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412, 118 S. Ct. 1408 (1998).

Since the loan was made in 2008, any TILA claims are long since barred by the statute of limitations.

## 8. PLAINTIFF'S FIFTH CLAIM FOR VIOLATION OF APPLICABLE STATUTES FAILS

The only statute referenced in plaintiff's claim is Civil Code Section 2923.5. To the extent plaintiff seeks to recover under any other status, her claims fails to meet the Rule 8 standards.

Civil Code § 2923.5 applicable at the time the notice of default was recorded in November 2012 does not apply to the Loan. Section 2923.5(i) of the then applicable statute provides in pertinent part '[t]his section shall apply only to mortgages or deed of trust recorded from January 1, 2003, to December 31, 2007 . . . ." The deed of trust for the Loan was recorded on February 27, 2008. (RJN, Exh. A.) Therefore, this claim fails.

To the extent that plaintiff is alleging an HBOR claim, that claim fails. HBOR does not apply retroactively and became effective on January 1, 2013. *Michael J. Weber Living Trust*, 2013 U.S. Dist. LEXIS 41797, at *10-11 (N.D. Cal. 2013) (HBOR took effect on January 1, 2013 and does not apply retroactively.); *See also, Guglielmelli v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 43063; *McGough v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 151737, at *16, fn. 4 (N.D. Cal. Oct. 22, 2012) (citing the Legislative Counsel's Digest to A.B. 278 and commenting that "there is no indication that the [HBOR] is intended to be, or will be, applied retroactively."). Plaintiffs' HBOR claims fail because all of the alleged wrongful actions occurred prior to HBOR's effective date. HBOR became effective on January 1, 2013. The notice of default was recorded in November 2012. (RJN, Exh. H.) Therefore, any claim under HBOR fails.

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

### 9. PLAINTIFF'S SIXTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS

The elements of intentional infliction of emotional distress are: "(1) outrageous conduct by defendant, (2) intention to cause or reckless disregard or the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." *Bogard v. Employers Casualty Co.*, 164 Cal. App. 3d 602, 616 (1985).  Plaintiff must allege conduct "so extreme as to exceed all bounds of that usually tolerated in a civil community." *Yu v. Signet Bank*, 69 Cal. App. 4th 1377, 1397 (1999).  Put another way, plaintiff must allege conduct "that has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998).  It is for the Court in the first instance to determine whether the plaintiff has alleged conduct which the trier of fact may find to be extreme and outrageous. *Tollefson v. Roman Catholic Bishop*, 219 Cal. App. 3d 843, 858 (1990).

The complaint falls far short of alleging "outrageous" conduct by Wells Fargo.  Plaintiff alleges that Wells Fargo "ignored repeated communications from plaintiff and during the same period of time initiated foreclosure proceeding without notice to plaintiff . . . ." (Compl. ¶ 66.) This alleged conduct is not "outrageous" "atrocious" and "utterly intolerable in a civilized community." Essentially, plaintiff complains that Wells Fargo failed to recognize her as a successor trustee of a Trust. (*See* generally, Compl. ¶ 61.)  Plaintiff's claim is not even close to the conduct required to state a claim for intentional infliction of emotional distress.

Moreover, plaintiff appears to be asserting claims on behalf of "Al-Pheus Ward's Widow" and the "trust beneficiaries." (Compl. ¶ 65.)  Plaintiff has no standing to assert claims belonging to other. (*See* generally, Section 6 above.)  And, plaintiff is proceeding in this action solely as trustee of the Trust and therefore lack standing to assert her own individual claim for any emotional distress.  In addition, a claims by an attorney for emotional distress that resulted from carrying out her duties as trustee of a trust do not meet the standards set forth in *Bogard, supra* or the plausibility standard of *Twombly, supra*, 550 U.S. at 557.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## 10. PLAINTIFF'S SEVENTH CLAIM FOR CONSTRUCTIVE FRAUD AND PROMISSORY FRAUD FAILS

Any fraud claim is barred by the statute of limitations. The claim relates to the Loan origination in February 2008. (Compl. ¶ 68.) Therefore, the claim brought now, almost six years later is barred by the three year statute of limitation for fraud. C.C.P. § 338.

Plaintiff lacks standing to pursue any claim related to the origination of the Loan. (*See,* Section 6 above.)

As set forth in Section 3 above, plaintiff's fraud claims fail to meet the Rule 8 standards. Additionally, plaintiff has failed to plead a claim for fraud. The elements of fraud are: (i) a false representation as to material fact, (ii) knowledge of its falsity, (iii) intent to defraud, (iv) actual and justifiable reliance, and (v) resulting damage. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). Under Rule 9(b) fraud allegations must be specifically pled. *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999) (reciting California elements).

The purpose of Rule 9(b) is to ensure that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong. *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id*. at 671-72. Merely identifying allegedly fraudulent conduct fails. A plaintiff "must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed Securities Litig.*, 42 F.3d 1541 at 1547 (9th Cir. 1994).

As for corporate defendants, Rule 9(b) requires plaintiffs to specifically plead: (1) the misrepresentation, (2) the speaker and his or her authority to speak (3) when and where the statements were made, (4) whether the statements were oral or written, (5) if the statements were written, the specific documents containing the representations, and (6) the manner in which the representations were allegedly false or misleading. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989). Vague or conclusory allegations are insufficient to satisfy

Rule 9(b)'s "particularity" requirement. *See, Moore*, 885 F. 2d at 540; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).

Plaintiff has utterly failed to meet the pleading requirements for fraud. Plaintiff merely states that the "conduct of defendant and its agents . . . .in entering into a mortgage contract in violation of the statutory and legal prohibitions against predatory lending constituted both constructive and promissory fraud." (Compl. ¶ 68.)

### 11.  PLAINTIFF'S EIGHTH CLAIM FOR NEGLIGENCE FAILS

"[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996). A plaintiff's "inability to plead a duty of care on the part of [defendant] precludes his maintenance of a cause of action on any negligence theory." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349 (1997). "The determination of whether a duty exists is primarily a question of law." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).

California law is clear: "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savs. & Loan Ass'n,* 231 Cal. App. 3d 1089 (1991) (emphasis added); *Resolution Trust Corp. v. BVS Dev.*, 42 F.3d 1206, 1214 (9th Cir. 1994) ("Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstance or a finding that a joint venture exists."). Here, Wells Fargo actions do not exceed the conventional role of mere lender of money and hence plaintiff's claim fails.

Moreover, plaintiff alleges that Wells Fargo has been "negligent in its duties to borrower and his beneficiaries." (Compl. ¶ 71.) As set forth in Section 6 above, plaintiff lacks standing to assert the rights of the borrow, Mr. Ward, or his unnamed beneficiaries.

### 12.  PLAINTIFF'S NINTH CLAIM FOR QUIET TITLE FAILS

Plaintiff's quite title claim is vague. It appears to be based upon a claim of "illegal predatory lending practices." (Compl. ¶ 73.) This claim fails to meet the Rule 8 standards. (*See*, Section 3 above.) Moreover, this claim fails for the reasons set forth in Section 7 above relating

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

to "predatory lending."

Furthermore, plaintiff's failure to tender the loan proceeds is fatal to her claim for quiet title. The tender rule applies to a quiet title action because the claim is implicitly integrated to the foreclosure sale. Civ. Proc. Code § 761.020; *Kozhayev v. America's Wholesale Lender*, 2010 U.S. Dist. LEXIS 77553, 2010 WL 3036001, at *5 (E.D. Cal. Aug. 2, 2010). Numerous California courts have recognized that claims to prevent or undo a foreclosure "generally cannot go forward unless the plaintiff has at least alleged a credible offer to tender the indebtedness." *Collins v. Power Default Services, Inc.*, 2010 U.S. Dist. LEXIS 3361, at **4-6 (N.D. Cal. Jan 24, 2010); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477-79 (1974) (The borrower "cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid.") Indeed, a complaint that does not allege such a tender does not state a cause of action. *McElroy v. Chase Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388 (2005

### 13. CONCLUSION

For all of the foregoing reasons, Wells Fargo respectfully requests an order granting this motion in its entirety and dismissing plaintiff's complaint without leave to amend.

Respectfully submitted,

Dated: February 12, 2014

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By: /s/ Kenneth A. Franklin
Kenneth A. Franklin
kfranklin@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB (erroneously sued as Wells Fargo Bank Home Mortgage, Inc.), ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served By Means Other than Electronically Via the Court's CM/ECF System**

*Plaintiff Pro Se:*

Dawn M. Ward
825 Oak Grove Avenue, Suite D202
Menlo Park, CA 94025

Telephone: (650) 473-0227
Facsimile: (650) 618

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on February 12, 2014.

| Leslie Coumans | */s/ Leslie Coumans* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |