# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| DAWN M. WARD, Trustee of the Al-Pheus Ward Trust Dated 4/3/2010,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, INC., and Does 1 through XXX,<br><br>Defendants. | Case No. 14-cv-00565 NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

Plaintiff Dawn Ward brought this action as trustee of the Al-Pheus Ward Trust. Plaintiff alleges wrongdoing by defendant Wells Fargo in contracting with Al-Pheus Ward, who is now deceased, for a mortgage in 2007. The primary issue before the Court is whether plaintiff has standing to bring her claims against Wells Fargo. Because plaintiff has not alleged that the trust was a party to the mortgage contract, that Al-Pheus Ward assigned his rights under the contract to the trust, or that plaintiff is the successor in interest or personal representative of Al-Pheus Ward's estate, the Court finds that plaintiff lacks standing to bring her contract-related claims against Wells Fargo. However, because the trust holds title to the property and plaintiff has alleged that she attempted to tender payment of the outstanding debt, the Court finds that plaintiff has standing and has sufficiently alleged a claim for quiet title.

The second issue before the Court is the sufficiency of the allegations in the complaint. The Court dismisses the claims for intentional infliction of emotional distress and declaratory relief with leave to amend, because although plaintiff could potentially have standing to bring these claims, they are deficient as currently alleged. Finally, the Court dismisses the injunctive relief claim with prejudice, as injunctive relief cannot be brought as a stand-alone cause of action.

## BACKGROUND

Plaintiff alleges that Al-Pheus Ward entered into a contract for a mortgage with Wells Fargo Home Mortgage in 2007. Dkt. No. 1 at ¶¶ 5, 6. Plaintiff alleges that at the time of contracting for the $285,000 mortgage, Ward made less than $30,000 per year and "was suffering from a psychiatric disability which ultimately led to his involuntary confinement in a locked psychiatric ward." *Id.* at ¶ 5. Plaintiff further alleges that the mortgage was "a negative amortization loan characterized by an Option ARM with a very high, above-market interest rate." *Id.* at ¶ 7.

Plaintiff alleges that on April 3, 2010, Ward transferred title to the property from himself to the Al-Pheus Ward Living Trust, and named Dawn M. Ward as Successor Trustee upon his death. *Id.* at ¶ 8. Ward died on January 5, 2012. *Id.* at ¶ 9. Plaintiff alleges that she repeatedly informed Wells Fargo "that Al-Pheus Ward was deceased and that plaintiff, as the Successor Trustee, was now the party to whom any communications related to the real property should be directed." *Id.* at ¶¶ 11, 12. Despite this, plaintiff alleges that neither Ward nor plaintiff Trustee ever received any notice of default from Wells Fargo. *Id.* at ¶ 14.

After Ward's death, plaintiff alleges that she repeatedly requested information from Wells Fargo regarding the mortgage and "was fully prepared to and sought to make any payments due on this mortgage." *Id.* at ¶ 15. Plaintiff alleges that she had a string of communications with various Wells Fargo employees who gave her conflicting information about the status of the mortgage, and "continued to rebuff all of [plaintiff's] inquiries" into how she could make payments on the mortgage. *Id.* at ¶¶ 16-34.

Plaintiff filed this lawsuit on December 20, 2013, in California state court. Dkt. No. 1 at 17. On February 6, 2014, defendant Wells Fargo removed the action to federal court based on diversity and federal question jurisdiction. Dkt. No. 1. Both parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 12, 21.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## DISCUSSION

**A.  Plaintiff Lacks Standing to Bring Her Contract-Related Claims**

First, Wells Fargo argues that plaintiff's complaint should be dismissed because plaintiff is not a party to the underlying mortgage contract. The Court finds that plaintiff lacks standing to bring claims related to the contract between Ward and Wells Fargo.

"A person who is not a party to a contract does not have standing either to seek its enforcement or to bring tort claims based on the contractual relationship." *Ambers v. Wells*

*Fargo Bank, N.A.*, No. 13-cv-03940 NC, 2014 WL 883752, at *4 (N.D. Cal. Mar. 3, 2014) (citing *Mega Life & Health Ins. Co. v. Super. Ct.*, 172 Cal. App. 4th 1522, 1528-32 (2009)); *see also Andrew Smith Co. v. Paul's Pak, Inc.*, 754 F.Supp.2d 1120, 1133 (N.D. Cal. 2010) ("A third party who is only incidentally benefited by a contract does not have standing to enforce the contract. . . . In order to have standing as a third party beneficiary, the contract must be expressly entered into for the intended benefit of the third party.") (citations omitted). District courts in the Ninth Circuit have held that a plaintiff who is not a party to a mortgage loan cannot assert claims against a lender for tortious behavior during the contracting process. *See Ambers*, 2014 WL 883752, at *4 (collecting cases).

Here, the complaint alleges that Al-Pheus Ward, rather than plaintiff, was the borrower and sole party to the mortgage contract with Wells Fargo. Although the complaint alleges that Ward transferred title to the property to a trust and plaintiff is now the trustee of the trust, the complaint does not allege that the trust was a party to the mortgage contract or that Ward assigned his contract rights to the trust. Thus the complaint alleges that Ward, rather than plaintiff, has standing as a party to the contract to bring these claims. However, Ward is now deceased.

Under California law, when the party to a contract is deceased, claims arising out of the contract may still live on. *Barney v. Aetna Cas. & Sur. Co.*, 185 Cal. App. 3d 966, 973 (1986) (finding that "action for breach of the covenant of good faith and fair dealing survives [a plaintiff's] death."); *Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1094 (9th Cir. 2006) ("if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate. Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law.") (citing Cal. Civ. P. Code §§ 377.30, 377.32). Thus plaintiff could bring this action if she is the personal representative of Ward's estate or his successor in interest. But the complaint does not allege that plaintiff holds either of these positions.

Therefore, the complaint does not establish that plaintiff has standing to bring claims

stemming from Wells Fargo's actions in contracting with Ward, including her claims for predatory lending, violation of California Civil Code § 2923.5, breach of the covenant of good faith and fair dealing, fraud, and negligence.  The Court dismisses these claims but grants plaintiff leave to amend to either plead facts supporting her standing, or to substitute the proper plaintiff.  Because the Court dismisses these claims based on plaintiff's lack of standing, the Court declines to address the sufficiency of the allegations of those claims.

**B.      Plaintiff Has Standing and Sufficiently States a Claim for Quiet Title**

To state a claim for quiet title under California law, plaintiff must include the following in her complaint: "(a) A description of the property that is the subject of the action; (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title; (c) The adverse claims to the title of the plaintiff against which a determination is sought; (d) The date as of which the determination is sought; (e) A prayer for the determination of the title of the plaintiff against the adverse claims." *Wong v. First Magnus Fin. Corp.*, No. 09-cv-01612 RMW, 2009 WL 2580353, at *4 (N.D. Cal. Aug. 20, 2009) (citing Cal. Code Civ. P. § 761.020).  Courts have clarified that "[a] mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934).  Thus, tender is required to maintain an action to quiet title unless the "borrower challenges the validity of the underlying debt." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 (2011).

Here, the complaint both challenges the validity of the underlying debt, Dkt. No. 1 at ¶¶ 5, 52-56, and alleges that plaintiff on several occasions attempted to tender payment of the mortgage, *Id.* at ¶¶ 15, 29.  The complaint also alleges that the trust holds title to the property.  *Id.* at ¶ 8.  The Court therefore finds that plaintiff has standing to bring a quiet title claim and has sufficiently pled that claim.

**C.      Plaintiff May Only Bring an Intentional Infliction of Emotional Distress Claim on Her Own Behalf**

The complaint brings a claim for intentional infliction of emotional distress based on Wells Fargo's "unconscionable conduct calculated to create severe emotional distress on the

part of Al-Pheus Ward's widow, plaintiff, and the trust beneficiaries." *Id.* at ¶ 65. The complaint does not clarify who the trust beneficiaries are.

Although plaintiff could in theory bring a claim for emotional distress inflicted upon her personally, she must bring that claim in her personal capacity, rather than as trustee of the trust. As trustee of the trust, plaintiff is the proper party to bring claims for injury inflicted upon the trust itself. *Wolf v. Mitchell, Silberberg & Knupp*, 76 Cal. App. 4th 1030, 1036 (1999) ("When a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest."). However, individual beneficiaries of the trust must bring their own claims for personal injuries they sustain. *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 942 (1976) (finding "because a purely personal tort cause of action is not assignable in California, it must be concluded that damage for emotional distress is not assignable."). In addition, plaintiff does not have standing to bring claims on behalf of Al-Pheus Ward's widow, who is also deceased, because she has not alleged that she is the successor in interest or personal representative of the estate of Al-Pheus Ward's widow. Dkt. No. 1 at ¶ 9. Therefore, the Court dismisses the intentional infliction of emotional distress claim, but grants leave to amend if plaintiff can allege sufficient facts to support a claim for emotional distress inflicted upon her personally.

**D.    Plaintiff's Declaratory Relief Claim is Unclear**

Plaintiff brings a claim for declaratory relief because she alleges that "[a]n actual controversy exists between plaintiff and defendant concerning their respective rights and duties pertaining to the subject property." Dkt. No. 1 at ¶ 39. Plaintiff further alleges that she "desires a judicial determination and declaration of plaintiff's and defendant's respective rights and duties: specifically, that plaintiff has not breached any obligations to defendant and that defendant failed to comply with statutory requirements, as well as a determination and declaration that the defendant engaged in illegal, predatory, and usurious lending practices." *Id.* at ¶ 42. The Court finds that as trustee of the trust that holds title to the property, plaintiff may bring a declaratory relief claim to declare future rights related to the subject property, but not to address past wrongs.

Case No. 14-cv-00565 NC
ORDER GRANTING IN PART                   6
MOTION TO DISMISS

"Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs." *Canova v. Trs. of Imperial Irrigation Dist. Emp. Pension Plan*, 150 Cal. App. 4th 1487, 1497 (2007). "[W]here there is an accrued cause of action for a past breach of contract or other wrong, or where an adequate remedy exists at law, declaratory relief is inappropriate." *Sanchez v. MortgageIt, Inc.*, No. 10-cv-04146 PJH, 2011 WL 588178, at *3 (N.D. Cal. Feb. 10, 2011) (citing *Canova*, 150 Cal. App. 4th at 1497); *Metcalf v. Drexel Lending Grp.*, No. 08-cv-00731 W POR, 2008 WL 4748134, at *5 (S.D. Cal. Oct. 29, 2008) ("Where there is an accrued cause of action for a past breach of contract or other wrong, declaratory relief is inappropriate."). Plaintiff must amend this claim to clarify that she seeks a declaration regarding the parties respective rights to the subject property going forward, rather than to declare that Wells Fargo has committed past wrongs.

### E.     Injunctive Relief Is a Remedy and Not a Separate Cause of Action

Plaintiff brings a separate cause of action for injunctive relief. However, "injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 964 (N.D. Cal. 2012) (citing *Camp v. Bd. of Supervisors*, 123 Cal. App. 3d 334, 356 (1981)). The Court therefore dismisses the injunctive relief cause of action with prejudice. Plaintiff is free, however, to request injunctive relief as a remedy for one or more of her other causes of action.

## CONCLUSION

The Court dismisses all claims in the complaint, with the exception of the quiet title claim. The Court grants leave to amend with respect to all claims except the injunctive relief claim. Plaintiff must file an amended complaint or a notice of her intention not to amend the complaint within twenty-eight days of this order. If plaintiff elects not to amend, defendant must answer the quiet title claim within fourteen days of plaintiff's notice. The Court continues the case management conference, currently scheduled for August 27, 2014, until October 15, 2014 at 10:00 a.m. in Courtroom A.

Case No. 14-cv-00565 NC
ORDER GRANTING IN PART        7
MOTION TO DISMISS

The Court denies as moot Wells Fargo's request for judicial notice, as the Court does not rely on any of the requested documents in reaching its conclusion.

IT IS SO ORDERED.

Date:  August 7, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge